And we'll act on that as promptly as we can. Thank you. All right, we will move on to the next case of the day. Durkan America, LLC versus Rain Trading. Mr. LeBrock. Good morning, Your Honors. May it please the Court, Stephen LeBrock on behalf of the defendants' appellants. The facts of this case are relatively straightforward. Well, first, we're asked, this is an appeal from a quarter denying our renewed motion to set aside a default judgment, and we're asking for this court to reverse the district's court order. The facts are relatively straightforward in this case. On May 5, 2014, the defendant was arrested by the Cook County Sheriff's Department. He was brought before a municipal judge pursuant to a citation to discover assets. There, he learned that there was a default judgment against him entered by the Northern District of Illinois. And he shortly after retained our firm, we went through PACER, found the documents, and our client looked at his records and said, I was working on that day. He worked at Abbott Laboratories, also known as Abbott. They're a pharmaceutical company in North Chicago. And his work hours were 8 a.m. to 5 p.m. Monday through Friday. And he was working on that day, so we filed an affidavit. He filed an affidavit stating, I was never served with process. And I checked my process server, so we filed this. The district court, the Northern District, dismissed it without prejudice and requested for more information, or more evidence rather. In the meantime, the plaintiff's attorney subpoenaed the legal department of the employer asking for any and all work records showing when he worked for the month of April 2013, and if he had any time off requests. Now they produced two redacted emails, basically a time off request, stating that he had off on April 11th, and also that his work hours were Monday through Friday, 8 to 5, in North Chicago, their North Chicago location. Now the affidavit of service, it's a naked boilerplate affidavit. It simply states that Mr. Convalat was personally served. There's no stating that the process server walked into the location and found out who else... Does it mail Caucasian, approximate age 36, right? Yeah, I mean, that's all it has, and those facts are also incorrect. He's not Caucasian, and he's not 36, so... How old is he? He's, I believe he's 39, 40. But, so we filed that, and we filed the District Court's order, and the judge summarily denied it. There was a sous-spente order entered. We were expecting that there would be a hearing, or that the process server would come back, as most cases that I've observed in Seventh Circuit, that the process server comes back with the affidavit saying, no, this is what happened, and then if there's disputes, there's an evidentiary hearing to determine if service was affected, but the District Court just served personally, and disregarded all the work records and the affidavits stating, under penalties of perjury, that he wasn't served, he was at work, and and then the work records confirmed the same thing. I mean, it confirms he worked Monday through Friday from 8 to 5, and that the only day off he had in April of 2013 was April 11th, and he was supposedly served on April 2nd, 2013. So the court basically just looked at what the plaintiff had and assumed that all that's true, notwithstanding evidence to the contrary, and let this $88,000 judgment, which includes attorney's fees, travel damages, for a complaint that we believe is specious and frivolous because of the claims. What about the service on the employee? The wage garnishment? I don't know which it was. Somebody, because you got several of them in here, there was a person who accepted service. Is that not an issue here? Well, I don't think that's relevant to the issue of whether or not the District Court had personal jurisdiction over the defendants when it entered the default judgment, because that happened after the judgment was entered. I just wondered about the validity of it, and the person who, is it the same server? Yeah, no, it's alleged to be a different employee of the corporation. Yeah, but I mean, it was the same guy serving, that's why I'm, same service that was doing that. Yeah, and I'll note while this isn't in the brief, I conducted a brief search of this process server, Michael Fahey, and I saw at least three opinions, one in the Circuit Court of Cook County, and I believe two in the Northern District, where people were contesting the validity of his service. They were also claiming he wasn't served, they weren't served by him. So all you really want is a hearing? Huh? The hearing is what didn't occur. Yeah, there was no hearing. The District Court's judge said the affidavit was self-serving, and that the work records produced by a third party, third party created evidence, means nothing. It's basically what the District Court found, that there's an irrebuttable presumption that if there's a very vague and undescriptive affidavit of service, that that is necessarily true. And if that were to be the case, I don't know how anybody could contest the service process. So why didn't the wage garnishment service get your client's attention? Well, I think it was given to one of the employees, and... And he never heard about it? Well, I mean, shortly after that is when we were on this case, after he got the wage garnishment in the... That was ten months before the arrest. This is July of 2013. Well, my client, he's not so clear about the wage garnishment, because he got... An employee just told him about it. Like, he was... It wasn't very descriptive. He just said, oh, we got something, you know. None of this is in the record, I take it? This is something that you would need to be explored in the hearing? Yeah. You've argued in your brief, Mr. LeBrock, that we ought to dismiss the case? No, we were asking if it could be dismissed for lack of personal jurisdiction, but... Both of the defendants are resident in the Northern District of Illinois, right? Yeah, well, we're just asking... I apologize about that. We're just asking for it to the district's court to be reversed and remanded, and for us to have... For a hearing. Yeah, for a hearing, so we can have the issue for their service. Because, I mean, there's a judgment for almost $88,000, and we have defenses and counterclaims to it, and now, yeah, our client is aware of it, and we've been concurrent with this. We have proceedings still pending in Cook County with regards to the citation, and he would like to... Those are stayed pending the resolution of this? Yes, Your Honor. Okay. Do you want to save the rest of your time for rebuttal? Yes, Your Honor. Thank you. Thank you, Mr. LeBrock. Let's see, Mr. Trejo? Good morning, and may it please the court. My name is Oscar Trejo, and I represent Plaintiff Durakan America. I ask that this court affirm the district court's order denying defendants' second motion to set aside. Before I get started with my argument, I would like to correct three points that defendants made in their argument. First, he said that the defendant checked his work records to determine whether or not he was at work at that time. This is the first I've heard that he checked any work records, and no such work records were ever filed with the district court. With regard to the description, he claims that the defendant is not Caucasian. I would just like to note that the defendant is Turkish, and as far as I know, Turkey is in Europe, so that would be considered Caucasian. As far as the court saying that there was an irrebuttable presumption, the district court never said there was an irrebuttable presumption of service. With regard to the standard here, the decision to set aside a judgment is left to the district court's discretion. On appeal, the district court's decision is reviewed for an abuse of discretion. There is an exception, of course, when the district court finds service to be invalid. If the would be a per se abuse of discretion to not grant the motion. So how can this possibly be resolved based on conflicting affidavits? Your Honor, it's true there are two conflicting affidavits. One is from a licensed process server who does this for a living and really has no interest in this case, and the other is done by the defendant who is trying to get out of a that self-serving affidavits are affidavits. It's evidence. You can question their credibility, but they present factual issues that have to be resolved. So how can this be resolved on the face, just on the face of the affidavits? Your Honor, they can be resolved by going into the motivations, the parties, and what reason they had for making the statements they made in those affidavits. Doesn't that factually discuss credibility? That's true, Your Honor. How can he do that all by himself? Without hearing anything? I would not say... Just reading it. I would say it was not without anything. I should note that when they first presented their motion to set aside, they did have an opportunity to make arguments to the district court on that day, and they explained why they... No, the arguments are one thing. Evidence is another to resolve a disputed factual issue. That's true, Your Honor. I would contend that weighing the affidavit of a disinterested process server, comparing that to the self-serving affidavit of a defendant who's trying to get out... It might very well be true. It might very well be true, but not it resolved on just the bare facts of the case. You have to have a hearing, subject to cross-examination and all those other good things. Your Honor, I would like to set aside an exception to that. Well, you can if you want. I mean, I'm not compelling you to confess error or anything. It sounds like I am, though, doesn't it? The defendants in their brief rely heavily on a case called Homer. It's a 2005 Seventh Circuit case, Homer v. Jones Bay, and they would like to contend that that case is remarkably similar to our case. However, that case disregarded what Homer called the O'Brien presumption, and the O'Brien presumption stands for the presumption that if there is a valid return of service filed in the case, the district court will presume that the service is valid, and that presumption... Sure, until there's conflicting evidence. Your Honor, the court there says, until there is strong and convincing evidence to rebut that the defendant's affidavit, which was presented twice before the district court, was strong and convincing evidence. What was it missing? I mean, what was it missing? What if it's true? In my opinion, what it's missing is that it's only an affidavit by the defendant himself. Who else is going to be able to testify about that? There were two people, according to your evidence, two people in a face-to-face encounter, right? Yes. And you seem to be saying that there is an irrebuttable presumption that the district judge, or at least the district judge, may choose simply on the face of the affidavits, I'm going to believe this one and not that one. Your Honor, it's not irrebuttable. It can be rebutted with strong and convincing evidence, and the defendants here were given two opportunities to provide evidence, and rather than provide the evidence of a third party, perhaps a supervisor, perhaps a co-worker, perhaps some documentary evidence showing that I was at work, maybe an email. You asked for all the records about his time, and the time indicates the only time he was off was a different day, right? Correct, Your Honor. We asked for some records, but that doesn't mean that defendants couldn't have done their own independent investigation and present the strongest case possible if they wanted a motion to set aside. Again, they had two opportunities to do so, and the fact that they chose not to get any other witnesses to support their case, I mean, they've already had two opportunities. I don't really know what a third opportunity would give them here. And again, to say, just to remind the Court, that this is an abuse of discretion standard. The district court did find valid service. Because it found valid service, it's up to the district court and its discretion to determine whether or not to grant that motion to set aside. The defendants would like to argue that they found invalid service, and therefore, it must be automatically reversed and remanded. However, I'd just like to remind the Court that it is a discretionary decision, and the trial court... This is not a matter of discretion. I mean, if service was not made, there's no discretion as to whether the judgment was set aside, correct? So we've got a factual finding. Yes. You're saying the district judge has discretion to choose which affidavit to believe. Which cases say that? Your Honor, there's been no cases cited by defendants that say that... By you, saying that a district judge has discretion to choose which of two do allow a district court to weigh evidence and come up with its own decision. Weigh evidence, yes. Yes, and affidavits, I would contend, are evidence. Okay, you've made that point. If you have no further questions, Your Honor, I'd simply ask this Court to affirm the decision. Okay, thank you, Mr. O'Keefe. Thank you. Mr. LeBrecq, rebuttal? How much time? Three minutes. Yes, Your Honor, I would just like to point out, with regard to the work records, our client, he just looked at his calendar, you know. He looked at his calendar, and from previous year, from 2013, said, you know, I was working on that day. Like, he marks which days he has off, so that's what the work records are. I assume that's available for inspection by the plaintiff? Yeah, I can get it to my client. I can get it from my client, if you would like to see them. And, actually, in Homer v. Jones Bay, the case that we cited, this court stated, where an unelaborated return of service is countered by a similarly unelaborate denial that service occurred, there would be seen, there would seem to be little rational basis for crediting one party over another. So, we think that makes sense. I mean, you have two conflicting affidavits, and one of them is more detailed than the other. So, in order to comply with traditions of due process, and notice, and opportunity to respond, our client should have had notice. He didn't have notice of these proceedings, and then, as soon as he got notice of the proceedings, within a week after he discovered the Northern District's judgment, we moved to set aside the judgment. And, we were very diligent in that, and he wants to be able to defend himself in the merit. So, we would ask that this court reverse the district's court order denying our renewed motion, and remand it for a plenary hearing on the issue of service, to see whether or not, after evidence is presented, and as your honor stated, with cross-examination, and everything that is associated with, you know, due process, that if, in fact, he was served, or if he wasn't served, and that determination should be left up after evidence you're hearing, but not by looking at two pieces of paper. And, I'll add that we didn't, we had third-party evidence. We had the evidence from the employer, and other than work records, and time off requests, I don't know what evidence could be shown. I mean, this, the service allegedly happened over a year ago. How's an employee going to remember on a certain day, whether or not a certain person was there? Unless people have body cameras on them 24-7. I mean, I think the work records that say Monday through Friday. They'll know when they're absent. Yeah, they'll know when they're absent, and it would have been reflected in the return from the legal department of the company that Mr. Kambalat used to work for. Anything further? Nothing further, your honor. All right, thank you very much. Counsel, the case is taken under advisement.